INHABITANTS OF ORNEVILLE *vs*. CALEB O. PALMER.

Piscataquis.    Opinion June 29, 1887.

*Tax.    Qualification of assessors.*

A tax assessed by assessors who took the oath of office before the moderator of the town meeting at which they were elected is not valid.

A moderator is not authorized to administer oaths in such cases.

ON report.

Debt to recover a tax assessed upon the defendant in Ornville for the year 1884.

By the town clerk's record of the annual town meeting, that year, it appears that Bela L. Fowles was elected and qualified as moderator, and Bela L. Fowles, Asa Parker, 2nd, and J. S. Morgan were elected assessors and thereupon Fowles was sworn by a justice of the peace, and Parker and Morgan were sworn by the moderator. The tax sought to be recovered was assessed by that board of assessors.

*George W. Howe*, for plaintiff.

Where forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally. *Cressey* v. *Parks*, 76 Maine, 534.

The oath taken by the assessors was sufficient and in conformity with the provisions of the R. S., c. 1, § 6. *Greene* v. *Lunt*, 58 Maine, 532.

*C. A. Everett*, for the defendant.

HASKELL, J.    It is settled law in this state that assessors must qualify by taking the oath of office in the manner prescribed by statute before they can assess a legal tax. R. S., c. 3, § 24; *Dresden* v. *Goud*, 75 Maine, 298.

The statute provides that assessors may be sworn "by the town or parish clerk, or by any person authorized by law." R. S., c. 3, § 24.    Two of the assessors attempted to qualify by

taking the oath of office before the moderator, who was not authorized by law to administer oaths in such cases, and therefore these assessors were not legally qualified to perform the duties of office, and could not assess a legal tax.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.